Dimitry Kirsanov
Pro Se Creditor
United States of America
dimitry.kirsanov@protonmail.com
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, et al., 1 | ) | Bankruptcy Case # 22-10964 |
| | ) | |
| Post-Effective Date Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | District Appeal # 1:24-cv-05201 |
| | ) | |
| | ) | ORAL ARGUMENT REQUESTED IF IT |
| | ) | WOULD PLEASE THE COURT |

_____

DIMITRY KIRSANOV'S MOTION FOR INTERVENTION AND RELIEF

# Grounds for Relief

The Federal District Court has subject matter jurisdiction over Bankruptcy matters, and may correct mistakes and make other adjustments. Here, causes of action will be presented and relief and orders requested from the District Court in the name of Justice. Much of the matters come from "Arising Under" the Constitutional requirement. Based on the record, the Court will find manifestly erroneous orders, effective re-writing, and contradictions -- many of which have been solicited with the intent to defraud the Bankruptcy Court, creditors, and the public. The Constitution was wilfully ignored, codes re-interpreted, and the Judicial machinery was targeted and corrupted with shocking actions such as the changing of tabulated votes against Court order, along with a modification of voting instructions, among others. The Court should vacate the Bankruptcy Court's order, issue these orders, remand proceedings to the Bankruptcy Court, and/or other relief as deemed by the Court to uphold the integrity of the Judiciary and the Bankruptcy system. To the best of my abilities as a Pro Se creditor, I will provide case law, Constitutional requirements and US Code provisions. I am asking the Court to intervene in any way possible, including invoking Rule 2 and declare a manifest injustice, along with Constitutional and US Code violations. I appeal to the Court's inherent authority.

1

# Case Law

HERRING v. United States, (3rd Cir, 2005)

"in order to meet the necessarily demanding standard for proof of fraud upon the Court we conclude that there must be: (1) an intentional fraud; (2) by an officer of the Court; (3) which is directed at the Court itself; and (4) in fact deceives the court.

Demjanjuk v. Petrovsky, 10 F.3d 338, 348 (6th Cir. 1993)

"1. On the part of an officer of the Court; 2. That is directed to the "Judicial machinery' itself;, 3. That is intentionally false, willfully blind to the truth, or is in reckless disregard for the truth; 4. That is a positive averment or is concealment when one is under a duty to disclose; 5. That deceives the Court"

Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions, 538 F.2d 1180, 195 (8th Cir, 1978)

"Although other United States Court of Appeals have not articulated express elements of fraud upon the Court as the Sixth Circuit did, the doctrine has been characterized "as a scheme to interfere with the judicial machinery performing the task of impartial adjudication, as by preventing the opposing party from fairly presenting his case or defense"

Gleason v. Jandrucko, 860 F.2d 556, 559 (2nd Cir, 1988)

"Additionally, fraud upon the Court differs from fraud on an adverse party in that it "is limited to fraud which seriously affects the integrity of the normally process of adjudication."

Geo. P. Reintjes Co. v. Riley Stoker Corp., 71 F.3d 44, 48 (1st Cir, 1995)

"Other United States Courts of Appeals expressly require that fraud upon the Court must involve an officer of the court."

Pumphrey v. Thompson Tool Co., 62 F.3d 1128, 1130 (9th Cir, 1995)

"one species of fraud upon the court occurs when an 'officer of the court' perpetrates fraud affecting the ability of the court or jury to impartially judge a case."

Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 245-246 (1944) (creating the standard for fraud on the court).

    Fraud on the court is usually found in only the most egregious of circumstance, bribery of a judge or jury, fabricating evidence that implicates an attorney, or any action directly attacking the judicial machinery (id.)

Addington, 650 F.2d at 668.

    "In order to adequately plead a fraud on the court claim, a plaintiff must allege "a scheme by which the integrity of the judicial process had been fraudulently subverted" and must involve far more than an injury to a single litigant."

Rozier v. Ford Motor Co., 573 F.2d 1332, 1338 (5th Cir. 1978) (holding that fraud on the court only includes actions "such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated").

    "Fraud on the court is typically limited to the most egregious conduct that implicates an officer of the court."

Universal Oil Products Co. v. Root Ref. Co., 328 U.S. 575, 580 (1946)

    "Rule 60(d)(3) is the codification of a court's inherent power to investigate whether a judgment was obtained by fraudulent conduct"

In re Roussos, 541 B.R. at 729.

    "Further, there is no statute of limitations for a fraud on the court claim and a court may consider such a claim even if no adversarial parties are before the court.

    "Taking that policy into account, a fraud on the court claim can be successfully brought to overturn a final judgment in a bankruptcy proceeding, even years after the judgment has been entered"   (id. 729-730)

Martina Theatre Corp. v. Schine Chain Theatres, Inc., 278 F.2d 798, 801 (2d Cir. 1960).

> "Fraud on the court will, most often, be found where the fraudulent scheme defrauds the "judicial machinery" or is perpetrated by an officer of the court such that the court cannot perform its function as a neutral arbiter of justice."

Bulloch v. United States, 721 F.2d 713, 718 (10th Cir.1983).

> Fraud directed at the "judicial machinery" can mean conduct that fraudulently coerces or influences the court itself or a member of the court, such that the impartial nature of the court has been compromised.

In re Tri-Cran, Inc., 98 B.R. 609, 616 (Bankr. D. Mass. 1989).

> "An attorney, as an officer of the court, has a duty of honesty towards the court."
>
> "In a bankruptcy proceeding, the debtor-in-possession can be considered an "officer of the court." (Id. At 617.)
>
> The debtor-in-possession is not just a fiduciary to its creditors but to the bankruptcy court itself. (id.)
>
> The debtor is an "officer of the court" because the debtor possesses "a responsibility to act in the best interests of the estate as a whole" and "bears a special responsibility for the proper functioning of the machinery of justice. (id.)
>
> As an officer of the court, the debtor can perpetrate a fraud on the court, much the same as an attorney. (id.)

H.K. Porter Co. v. Goodyear Tire & Rubber Co., 536 F.2d 1115, 1119 (6th Cir. 1976).

> "Where an attorney neglects that duty and obtains a judgment based on conduct that actively defrauds the court, such judgment may be attacked, and subsequently overturned, as fraud on the court"

In re Roussos, 541 B.R. at 730

"In a situation such as the one described, where the debtor misrepresents the transaction as an arms-length transaction, when, in reality, the debtor is self-dealing, those actions deny the bankruptcy court the ability to impartially adjudge the proposed sale."

Bulloch, 721 F.2d at 718.

"However, where a litigant can prove that an officer of the court fraudulently coerced or improperly influenced the impartial nature of the court, fraud on the court can be established."

## US CODE REQUIREMENTS

11 US §1109: Right to be heard
A party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture Trustee, may raise and may appear and be heard on any issue in a case under this chapter.

11 US §1122: Classification of claims or interests
(a) Except as provided in subsection (b) of this section, a plan may place a claim or an interest in a particular class only if such claim or interest is substantially similar to other claims or interest of such class.
(b) A plan may designate a separate class of claims consisting only of every unsecured claim that is less than or reduced to an amount that the Court approves as reasonable and necessary for administrative convenience

11 US §1123: Contents of Plan

a plan shall:

1. designate, subject to section 1122 of this title, classes of claims, other than claims of a s kind specified in section 507(a)(2), 207(a)(3), or 507(a)(8) of this title, and classes of interests;

2. specify any class of claims or interests that is not impaired under the plan;

3. specify the treatment of any class of claims or interests that is impaired under the plan;

4. provide the same treatment for each claim or interest of a particular class, unless the holder of a particular claim or interest agrees to a less favorable treatment of such particular claim or interest

5. provide adequate means for the plan's implementation, such as--

(e) satisfaction or modification of any lien

. . .

(b) subject to subsection a of this section, a plan may --

1. impair or leave unimpaired any class of claims, secured or unsecured, or of interests.

11 US§1124 - Impairment of claims or interest

(1) leaves unaltered the legal, equitable, and contractual rights to which such claims or interest entitles the holder of such claim or interest; or

(2) nonwithstanding any contractual provisions or applicable law that entitles the holder of such claim or interest to demand or receive accelerated payment of such claim or interest after the occurrence of a default --

(c) compensates the holder of such claim or interest for any damages incurred as a result of any reasonable reliance by such holder on such contractual provision or such applicable law

11 US §1125 Postpetition disclosure and solicitation

(a) in this section-

(1)"adequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan and in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information; and

(2)"investor typical of holders of claims or interests of the relevant class" means investor having— (A)a claim or interest of the relevant class; (B)such a relationship with the debtor as the holders of other claims or interests of such class generally have; and (C)such ability to obtain such information from sources other than the disclosure required by this section as holders of claims or interests in such class generally have

(b)An acceptance or rejection of a plan may not be solicited after the commencement of the case under this title from a holder of a claim or interest with respect to such claim or interest, unless, at the time of or before such solicitation, there is transmitted to such holder the plan or a summary of the plan, and a written disclosure statement approved, after notice and a hearing, by the court as containing adequate information. The court may approve a disclosure statement without a valuation of the debtor or an appraisal of the debtor's assets.

(c)The same disclosure statement shall be transmitted to each holder of a claim or interest of a particular class, but there may be transmitted different disclosure statements, differing in amount, detail, or kind of information, as between classes.

(d)Whether a disclosure statement required under subsection (b) of this section contains adequate information is not governed by any otherwise applicable nonbankruptcy law, rule, or regulation, but an agency or official whose duty is to administer or enforce such a law, rule, or regulation may be heard on the issue of whether a disclosure statement contains adequate information. Such an agency or official may not appeal from, or otherwise seek review of, an order approving a disclosure statement.

(e)A person that solicits acceptance or rejection of a plan, in good faith and in compliance with the applicable provisions of this title, or that participates, in good faith and in compliance with the applicable provisions of this title, in the offer, issuance, sale, or purchase of a security, offered or sold under the plan, of the debtor, of an affiliate participating in a joint plan with the debtor, or of a newly organized successor to the debtor under the plan, is not liable, on account of such solicitation or participation, for violation of any applicable law, rule, or regulation governing solicitation of acceptance or rejection of a plan or the offer, issuance, sale, or purchase of securities.

11 U.S. Code § 1126 - Acceptance of plan

(e)On request of a party in interest, and after notice and a hearing, the court may designate any entity whose acceptance or rejection of such plan was not in good faith, or was not solicited or procured in good faith or in accordance with the provisions of this title.

(f)Notwithstanding any other provision of this section, a class that is not impaired under a plan, and each holder of a claim or interest of such class, are conclusively presumed to have accepted the plan, and solicitation of acceptances with respect to such class from the holders of claims or interests of such class is not required.

(g)Notwithstanding any other provision of this section, a class is deemed not to have accepted a plan if such plan provides that the claims or interests of such class do not entitle the holders of such claims or interests to receive or retain any property under the plan on account of such claims or interests.

11 US §1127 - Modification of plan

(a)The proponent of a plan may modify such plan at any time before confirmation, but may not modify such plan so that such plan as modified fails to meet the requirements of sections 1122 and 1123 of this title. After the proponent of a plan files a modification of such plan with the court, the plan as modified becomes the plan.

(b)The proponent of a plan or the reorganized debtor may modify such plan at any time after confirmation of such plan and before substantial consummation of such plan, but may not modify such plan so that such plan as modified fails to meet the requirements of sections 1122 and 1123 of this title. Such plan as modified under this subsection becomes the plan only if circumstances warrant such modification and the court, after notice and a hearing, confirms such plan as modified, under section 1129 of this title.

(f)(2)The plan, as modified, shall become the plan only after there has been disclosure under section 1125 as the court may direct, notice and a hearing, and such modification is approved.

11 U.S. Code § 1128 - Confirmation hearing

(a)After notice, the court shall hold a hearing on confirmation of a plan.

(b)A party in interest may object to confirmation of a plan.

11 U.S. Code § 1129 - Confirmation of plan

(a)The court shall confirm a plan only if all of the following requirements are met:

(1)The plan complies with the applicable provisions of this title.

(2)The proponent of the plan complies with the applicable provisions of this title.

(3)The plan has been proposed in good faith and not by any means forbidden by law.

(7)With respect to each impaired class of claims or interests—

 (A)each holder of a claim or interest of such class— (i)has accepted the plan; or (ii)will receive or retain under the plan on account of such claim or interest property of a value, as of the effective date of the plan, that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under chapter 7 of this title on such date; or (B)if section 1111(b)(2) of this title applies to the claims of such class, each holder of a claim of such class will receive or retain under the plan on account of such claim property of a value, as of the effective date of the plan, that is not less than the value of such holder's interest in the estate's interest in the property that secures such claims.

(B)if section 1111(b)(2) of this title applies to the claims of such class, each holder of a claim of such class will receive or retain under the plan on account of such claim property of a value, as of the effective date of the plan, that is not less than the value of such holder's interest in the estate's interest in the property that secures such claims. (8)With respect to each class of claims or interests— (A)such class has accepted the plan; or (B)such class is not impaired under the plan. (9)Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the plan provides that— (A)with respect to a claim of a kind specified in section 507(a)(2) or 507(a)(3) of this title, on the effective date of the plan, the holder of such claim will receive on account of such claim cash equal to the allowed amount of such claim; (B)with respect to a class of claims of a kind specified in section 507(a)(1), 507(a)(4), 507(a)(5), 507(a)(6), or 507(a)(7) of this title, each holder of a claim of such class will receive— (i)if such class has accepted the plan, deferred cash payments of a value, as of the effective date of the plan, equal to the allowed amount of such claim; or (ii)if such class has not accepted the plan, cash on the effective date of the plan equal to the allowed amount of such claim

11 U.S. Code § 1144 - Revocation of an order of confirmation

On request of a party in interest at any time before 180 days after the date of the entry of the order of confirmation, and after notice and a hearing, the court may revoke such order if and only if such order was procured by fraud.

## US CONSTITUTION

5th Amendment - Due Process, Unbiased and Impartial Judge

No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, **nor be deprived of life, liberty, or property, without due process of law**; nor shall private property be taken for public use, without just compensation."

8th Amendment

14th Amendment

Section 1. All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

# CONTRACT LAW

A contract requires an offer and acceptance (mutual assent), consideration, and an intent to be bound. See Register.com, Inc. v. Verio, Inc., 356 F.3d 393, 427 (2d Cir. 2004) (reciting the requirements for formation of a contract). These requirements are not different for electronic contracts. See id. at 403

In re Enron Corp., 292 B.R. 752, 762 (Bankr. S.D.N.Y. 2003) ("If the contract language is 'unambiguous,' this Court must enforce the plain, ordinary, and common meaning of those terms as a matter of law without reference to extrinsic evidence.")

## REQUEST FOR ORDER TO SHOW CAUSE

The following should be ordered to show detailed cause for the following:

1. Why Class 6B voting instructions were added after the voting was concluded, which removed the right to reject on the same language in the Custody Settlement, contravening the original 6A.
2. Why the tabulation results did not reflect the balloting and tabulation order, specifically; as it related to ballots of Custody holders with CEL Token receiving full 0.81 cent valuation, yet the results showed 0.25 cents.
3. Why Plan modifications were made after the plan supplement deadline, and after the tabulation results, which lumped the Custody class into 0.25 cents.
4. Why 500,000 CEL Token was moved without Court permission, 90 minutes prior to their push of the my partial balance to my account, contrary to Ferraro's Declaration of "Celsius has not purchased, sold, or transferred CEL Token since the Petition Date.". See ECF 3534, Page 8.
5. Why the debtor's brief to the Court, after the plan was approved, indicated "As a result, the Debtors cannot return CEL Token in kind and must assign it some (or no) value, even if they ultimately burn all CEL Tokens in their possession on the Effective Date as they intend.". See ECF3431, Page 6.
6. Why the Committee affirmed: "The Debtors and the Committee have proposed a settlement that would value CEL Token at $0.25 for Holders of CEL Token Deposit Claims, other than Custody Claims that are CEL Token Deposit Claims." See ECF 3432, Page 8.

7. Why the "Nonwithstanding Excepting Custody Claims" plan change provision was added 2 days after the tabulation results were published, which showed 0.25 cent CEL Custody claims

8. Why I was not provided due process to object to this.

9. Why the Shortfall LUNA/TERRA precedent was not followed for CEL Token that could not have been returned, and has been destroyed on effective day.

10. Why a family residence address of mine was posted by Celsius, when they knew a protective order was in place.

11. Why Ex-Parte Alleged Tweets and voting records were presented to Judge Glenn

12. Why the Confirmation transcripts were not posted to the docket, as ordered by the Court, for the final two confirmation hearings (October 30th, and November 9th, 2023)

13. Why the representation was made to the Court that I withdrew all of my Custody (I have not)

14. Why some of Custody being deemed to accept and unimpaired, was impaired by a 0.25 cent change.

## **CONSTITUTIONAL VIOLATIONS**

I was not able to timely object or prepare for this change, as it happened days before trial. Shockingly, the tabulation results were changed in contradiction to Court order, where ballots of the Custody Class received a full 0.81 cents, as it was exempted from the CEL Token Settlement. The tabulation results showed 0.25 cents. Celsius moved to corrupt the process by engaging in Ex-Parte communication with Judge Glenn, while refusing to share my voting results and balloting with me. Subsequently, Celsius obtained orders solicited by Fraud on the Court, over and over, having Judge Glenn rely on the tabulation that was fabricated and the re-writing of the words "Any", and "Except", and shockingly, the misrepresentation that my vote was in favor of the Plan, when the Custody Class results show manifestly otherwise. Celsius flipped flopped, and the Judge accepted and relied on Celsius. My due process rights were violated, along with the right for an unbiased and impartial tribunal. I was not provided adequate notice. Further, my property that was not converted pursuant to precedent, and I still have not received the conversion as was reasonably expected. The partial property that was sent to me is likely not even mine, as there was a shortfall in the Custody Wallet. To date, several topics remain unaddressed. The right to vote was stripped post solicitation results, and

voting classes were changed. I was inflicted cruel and unusual punishment of Celsius and subsequently, the trial Court, saying they could not return CEL Token and they were destroying it, followed by a reversal of this to saying CEL Token meets my best interests, when it was admitted to it could not be returned in kind, and subsequently, destroyed and unable to be sold, impairing all Custody CEL Token Holders, even those that were claimed unimpaired.

## DAMAGES

Accordingly, the changes to the Plan post solicitation resulted in substantial damages. The Shortfall provision calls for a conversion based on the date of entry of the Custody Settlement. This is about 27 Bitcoins total, which is valued in the millions. Celsius and the Committee have admitted to (1) the Token cannot be returned in kind, (2) the CEL Token Settlement Exempts Custody Claims, and (3), all CEL Tokens in Celsius' possession were destroyed on effective day. Further, subject to these changes and violation of the Court Protective order, I suffered a loss of civil rights, deprivation of equal access to the courts, deprivation of due process, substantial monetary losses, emotional distress, and mental anguish, harassment, intimidation, and threats. For the avoidance of doubt, 27 Bitcoins does not even cover my fiscal allocation I had in Celsius, nor have I received even 10% of that amount back.

## SUBSEQUENT ORDERS

The Court should order that Celsius has obtained confirmation in bad faith, and in connection with Fraud on the Court, with manifest ignoring of Court orders, that changed the recovery of thousands of creditors and the voting classes modification, wilfully disenfranchising of the right to reject of many creditors, after the tabulation results were published.

The Court should order Constitutional due process and US Codes were violated as it relates to my rights and the due process of similarly situated creditors, and all releases are null and void based on gross negligence and wilful misconduct, and declare the Plan unconstitutional.

The Court should also order disqualification of Judge Glenn. Establishing a due process violation requires a heightening showing of a probability, which Judge Glenn has shown in his direct

questioning of me and indicating I would not be affected, ignoring the debtor's and committees own briefs indicating it cannot be distributed and excepting clauses, along with the the plan structure itself, which naturally created inequality between jurisdictions. Forcing this on me and saying it meets my best interest, when it was destroyed and unable to be distributed, is cruel and unusual. Judge Glenn's rewriting of the definition of "Any" is manifestly erroneous, in my scenario as well. Other District Judges have indicated Judge Glenn has re-written the definition of "Any" in another Celsius matter. (See prior order of District Judge Colleen McMahon, ECF#4827). The rewriting of "Except" is manifestly erroneous, and the ignoring of the Court's own order in balloting and tabulation is manifest, creating a manifest injustice. Judge Glenn knew I was objecting to the tabulation and the adverse changes days before trial, but did not allow my initial objection. The probability of actual bias on the part of the Judge Glenn is too high to be constitutionally tolerable, and has affected my substantial rights. Public policy calls for the right of due process and the integrity of the system, and it is more than just my rights at stake. I have reached futility with the trial Court, where several topics I have mentioned in this appeal and at the trial level remain unanswered or partially crafted. I believe Judge Glenn knew this, but was forced into this position by Celsius and had to make these decisions and stick to them. No Judge should ever have to be put in this position by an originally fraudulent debtor, which contravenes their own solicited orders at the expense of the Judicial Machinery.

The Court should order damages, and consider punitive damages, where it is manifest of the repeated recklessness and disregard for the rights and safety of others. Celsius, and many of attorneys that have been involved in this process, have abused the Bankruptcy process at the cost of the reputation of the Judicial Machinery, creditors, and the public for their own benefit. Much here has precedent. No debtor should be allowed to ever change the balloting and tabulation, contrary to Court order, or the recoveries that have set precedent.  This was manifestly evident on the changes to the plan which changed voting classes, the omissions by Celsius and their counsel.

The Court should also consider sanctions and any other remedy it deems fit for this situation, and should consider Rule 2 and any other applicable to prevent a manifest injustice and ongoing Fraud on the Court.

The Court should order the appointment of a Judicial Commission and/or Master, or Examiner to investigate all related conduct, or any similar actions to the fullest extent possible of the Judicial Machinery. My allegations are present on Celsius' own filings and manifestly evident on the record. Fraud on the Court unravels all.

The Court should also order an injunction against Celsius for fraudulently saying I withdrew all my Custody funds, which is not true. Conversion and distribution of my remaining funds should be ordered to be done expeditiously.

The Court should order the unsealing of any related information as it relates to CEL Token and all Ex-Parte communications to be utilized on this appeal and for public consumption.

## **PERSONAL REQUEST TO THE COURT**

I am having extreme difficulty obtaining counsel to represent me fully at this scope. With a change 2 business days prior to trial, I have done my very best to effectively research and not forfeit as many rights as I am aware I have, and to exert those rights, and make the Courts, the executive, and legislative branches aware of the great injustice I see to fellow creditors, along with the US Code and Constitution, and the integrity of the Judicial Machinery. I have been wronged in this process, as have many other victims. I want to apologize for any of my mistakes, as I have done everything in my understanding on short notice to preserve the record and my rights. It has been exceptionally difficult as this change was days before trial, and the vast majority of law firms that operate on this level have conflicting interests they are representing already. I was under the understanding that my Custody Class Counsel, who have advocated on behalf of all Custody holders, would assist. They have not,

even though I have financially contributed to their legal fund. If the Court can help with any referral or assignment on Counsel, I would greatly appreciate it. Our republic and the Constitution it was founded on, the US Code, and the integrity of the Courts are at stake. My family immigrated to the United States as Jewish refugees from a radiation striken territory, we escaped the persecution and corruption there. I cannot sit idle and watch the reputation and integrity of the Bankruptcy System and Judicial Machinery be eroded by self-dealing, corrupt interests. I will reserve all my rights as it relates to my claims, and defenses, assertions, factual, and to modify this complaint and appeal with the advise of counsel of I obtain one to represent me on this matter. I am grateful for the Special Solicitude afforded by the Court, and I stand ready to fight this corruption.

Dated and filed: October 4th, 2024

I stay respectfully,

/s/ Dimitry Kirsanov

Dimitry Kirsanov, Pro Se Creditor