UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE CELSIUS NETWORK LLC, et al., | 24-CV-05201 (MMG)<br><br>**OPINION & ORDER** |

MARGARET M. GARNETT, United States District Judge:

On November 9, 2023, the Bankruptcy Court issued the "Order Confirming Modified Joint Chapter 11 Plan of Celsius Network LLC and its Debtor Affiliates" ("Confirmation Order"). *In re Celsius Network LLC*, 655 B.R. 301 (S.D.N.Y. Bankr. 2023).[1] Six months later, on May 6, 2024, *pro se* creditor Dmitry Kirsanov filed a request that the Bankruptcy Court revoke the Confirmation Order. The Bankruptcy Court denied that request. Kirsanov now appeals the Bankruptcy Court's denial, arguing that the Confirmation Order derived from fraud on the Bankruptcy Court. For the reasons set forth below, the Bankruptcy Court's order is affirmed and the appeal is dismissed.

## BACKGROUND[2]

Celsius Network LLC and its affiliates (the "Debtors") operated a cryptocurrency platform that—at its height—attracted hundreds of thousands of customers. *In re Celsius Network LLC*, 655 B.R. at 305; *In re Celsius Network LLC*, No. 23-CV-10368 (LGS), 2024 WL 3376496, at *1 (S.D.N.Y. July 11, 2024). This success was short-lived, however, and Debtors filed for Chapter 11 Bankruptcy in July 2022. Opinion at 2. The Bankruptcy Court confirmed the reorganization plan (the "Plan") in the November 9, 2023 Confirmation Order. *In re Celsius Network LLC*, 655 B.R. 301 (Bankr. S.D.N.Y. 2023). Following Plan confirmation, the Debtors

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes and omissions, and adopt alterations.

[2] The Court refers to the filings in the following manner: The Bankruptcy Court's opinion denying the revocation request (Dkt. No. 1 at 4–31) as "Opinion"; Kirsanov's appellant brief (Dkt. No. 7) as "Mot."; Debtors' brief opposing the appeal (Dkt. No. 10) as "Opp."; and Kirsanov's reply (Dkt. No. 12) as "Reply."

emerged from bankruptcy on January 31, 2024.  Opinion at 2.  The Debtors have since distributed billions in assets to thousands of creditors under the Plan.  *Id.* at 12.

Pre- and post-confirmation, Kirsanov submitted numerous letters, motions, and objections to the Bankruptcy Court.  Opinion at 3–5 (describing the numerous filings).  These culminated in Kirsanov's May 6, 2024 revocation request.  *See* Dkt. No. 10-2 at Appx. 3654–58.  Kirsanov argued that the Debtors had secured the Confirmation Order via fraud and improper gamesmanship.  Opinion at 5–6.  The Debtors responded that the request was procedurally improper, presented the same meritless arguments Kirsanov had made in previous filings, and failed to meet the standard to revoke a confirmation order under 11 U.S.C. § 1144.  Dkt. No. 10-2 at Appx. 3659–68.  The Bankruptcy Court denied the motion in a 28-page decision.  *See* Dkt. No. 1-1.  In relevant part, the Bankruptcy Court determined that Kirsanov's motion was procedurally improper, barred by the doctrine of equitable mootness, and fell woefully short of meeting the standard under 11 U.S.C. § 1144.  Opinion at 28.

Kirsanov now appeals that decision.  Dkt. No. 1.  His papers raise no less than twelve separate arguments contesting the Bankruptcy Court's order, alleging fraud, and challenging various aspects of the Plan and Confirmation Order.  He also filed a "Motion for Intervention and Relief" seeking, *inter alia*, sanctions, injunctive relief, and damages (the "Motion").  Dkt. No. 8.  The Court will dismiss the appeal as equitably moot and deny the Motion as moot.

## LEGAL STANDARD

Chapter 28, Section 158(a)(1), of the U.S. Code vests district courts with appellate jurisdiction to review "final judgments, orders, and decrees" of the bankruptcy courts.  28 U.S.C. § 158(a)(1).  The Court reviews factual findings for clear error and legal conclusions *de novo*.  *In re Charter Commc'ns Inc.*, 691 F.3d 476, 482–83 (2d Cir. 2012).  As in other contexts, the Court affords "a special solicitude" to the arguments of a *pro se* party, construing them to "raise the

strongest arguments that they suggest." *Baker v. Coates*, No. 22-CV-07986 (JPO), 2023 WL 6289964, at *1 (S.D.N.Y. Sept. 27, 2023).

## DISCUSSION

Three other judges in this District have dismissed Celsius bankruptcy appeals as equitably moot. *In re Celsius Network LLC*, No. 23-CV-10368 (LGS), 2024 WL 3376496 (S.D.N.Y. July 11, 2024); *In re Celsius Network LLC*, No. 23-CV-10755 (ALC), 2025 WL 902459 (S.D.N.Y. Mar. 25, 2025); *In re Celsius Network LLC*, No. 24-CV-04057 (LJL), 2025 WL 1736657 (S.D.N.Y. June 23, 2025). Today's Opinion makes four. Debtors emerged from bankruptcy well over a year ago. Opinion at 2. Billions in assets have since been distributed to creditors. *Id.* at 12. Unwinding that relief would pose herculean difficulties for the Bankruptcy Court and yield substantial inequities.

A district court may dismiss a bankruptcy appeal under the doctrine of equitable mootness "when, even though effective relief could conceivably be fashioned, implementation of that relief would be inequitable." *In re BGI, Inc.*, 772 F.3d 102, 107 (2d Cir. 2014). A district court presumes a bankruptcy appeal is equitably moot "when the debtor's reorganization plan has been substantially consummated." *Id.* at 108. The bankruptcy code defines "substantial consummation" as: "transfer of all or substantially all of the property proposed by the plan to be transferred," "assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan," and "commencement of distribution under the plan." 11 U.S.C. § 1101(2).

An objector can overcome a presumption of equitable mootness by showing that five factors are met:

(1) The court can still order some effective relief;

(2) Such relief will not affect the re-emergence of the debtor as a revitalized corporate entity;

3

    (3) Such relief will not unravel intricate transactions so as to knock the props out from under the authorization for every transaction that has taken place and create an unmanageable, uncontrollable situation for the Bankruptcy Court;

    (4) The parties who would be adversely affected by the modification have notice of the appeal and an opportunity to participate in the proceedings; and

    (5) The appellant pursued with diligence all available remedies to obtain a stay of execution of the objectionable order, if the failure to do so creates a situation rendering it inequitable to reverse the orders appealed from.

*Frito-Lay, Inc. v. LTV Steel Co. (In re Chateaugay Corp.)*, 10 F.3d 944, 952–53 (2d Cir. 1993) (the "*Chateaugay* Factors").  Even then, a district court should issue relief only "if the appellant prevails on the merits of its legal claim." *In re Charter Commc'ns, Inc.*, 691 F.3d at 482.

### A. The Plan Has Been Substantially Consummated

    The Court has no difficulty determining that the Plan has been substantially (if not completely) consummated.  *Accord In re Celsius Network LLC*, 2024 WL 3376496, at *3; *In re Celsius Network LLC*, 2025 WL 1736657, at *3.  The Bankruptcy Court entered the Confirmation Order over two years ago, and over six months before Kirsanov sought to have it revoked.  *In re Celsius Network LLC*, 655 B.R. 301 (S.D.N.Y. Bankr. 2023).  Today, the debtors have distributed "approximately $2.59 billion out of approximately $2.73 billion, or approximately 95% of the value, currently eligible to be distributed under the Plan."  Opp. at 18; *see In e BGI, Inc.*, 772 F.3d at 110 (holding that the bankruptcy court did not err in concluding that substantial consummation occurred after debtor "transferred its relevant property" and "began administering timely filed claims and making distributions to holders of allowed administrative and priority claims").  As a result, the Court presumes this appeal is equitably moot, and the burden thus falls on Kirsanov to show that the five *Chateaugay* factors are met.

4

## B. The Five *Chateaugay* Factors Oppose Relief

Even affording Kirsanov some leeway as a *pro se* plaintiff, he has not come close to meeting his burden to overcome the presumption of equitable mootness. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) ("Pro se status does not exempt a party from compliance with relevant rules of procedural and substantive law.").[3] Kirsanov purportedly seeks to revoke the Confirmation Order in its entirety. It is difficult to overstate the burden this would foist on the Bankruptcy Court. It would need to not only restart an already complicated bankruptcy process, but also somehow craft a system for Debtors to claw back *billions* in assets from *thousands* of creditors. *In re Windstream Holdings, Inc.*, 838 F. App'x 634, 637 (2d Cir. 2021) (holding that equitable mootness applied where "revocation would require [the debtor] to claw back over $6 million in payments to creditors"). Doing so would be the only way to afford Kirsanov "effective relief" under the first *Chateaugay* Factor, but the very complexity, indeed near-impossibility, of that action squarely implicates the second and third *Chateaugay* Factors by seriously impeding the current functioning of the Debtors as a re-organized entity and requiring the Bankruptcy Court to "unravel intricate transactions . . . creat[ing] an unmanageable, uncontrollable situation for the Bankruptcy Court." *In re Chateaugay Corp.*, 10 F.3d at 953. The Court will not compel that result.

Kirsanov similarly fails to show the fifth *Chateaugay* Factor supports his position because he has not diligently pursued "all available remedies to obtain a stay of execution of the objectionable order." *In re Charter Commc'ns, Inc.*, 691 F.3d at 482. In analyzing this factor, the Second Circuit has "insist[ed] that a party seek a stay even if it may seem unlikely that the bankruptcy court will issue one." *In re Metromedia Fiber Network, Inc.*, 416 F.3d 136, 144 (2d

---

[3] The Bankruptcy Court reasoned that "[t]he Revocation Request could be denied on the grounds of equitable mootness." Opinion at 12. Debtors also address equitable mootness in their brief. *See* Opp. at ¶¶ 30–32. Nevertheless, Kirsanov did not address equitable mootness in any of his filings.

Cir. 2005). Courts have not excused *pro se* plaintiffs from this requirement. *In re Celsius Network LLC*, 2024 WL 3376496, at *3 (holding this factor weighed against *pro se* plaintiff who failed to seek a stay); *In re Centric Brands Inc.*, No. 22-CV-2702, 2023 WL 2139556, at *6 (S.D.N.Y. Feb. 21, 2023) (same). The record is unequivocal that Kirsanov did not seek a stay of the Confirmation Order. Opp. at 19. Nor did he appeal from the Confirmation Order. Finally, while at least some affected parties would have had notice of this appeal (the fourth *Chateaugay* Factor), that minor issue cannot overcome Kirsanov's utter failure to establish any of the other factors.

Because Kirsanov has made no showing that can overcome the presumption of equitable mootness, his appeal must be dismissed.

## CONCLUSION

For the foregoing reasons, the appeal is DISMISSED as equitably moot, and the Motion is DENIED as moot.

The Clerk of Court is respectfully directed to close this case.

Dated: December 9, 2025
       New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge